Tracey CONN–BURNSTEIN,
Plaintiff–Appellant,

v.

SAKS FIFTH AVENUE & COMPANY
and McRae's, Incorporated,
Defendants–Appellees.

No. 02–1949.

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 2003.

Tracey Conn–Burnstein, pro se, West Bloomfield, MI, for Plaintiff–Appellant.

Kenneth A. Rich, Aaron L. Kleid, Farmington Hills, MI, for Defendant–Appellee.

Before DAUGHTREY and GILMAN, Circuit Judges, and HAYNES,* District Judge.

PER CURIAM.

The plaintiff, Tracey Conn–Burnstein, appeals from the district court's order granting partial summary judgment to the defendants, Saks Fifth Avenue & Company and McRae's, Inc., the issuer of Saks Fifth Avenue's credit cards, in this action brought under the Fair Credit Billing Act, 15 U.S.C. §§ 1666–1666j. *See Burnstein v. Saks Fifth Ave. & Co.,* 208 F.Supp.2d 765 (E.D.Mich.2002). The complaint alleged that Saks Fifth Avenue had (1) failed to respond to and correct a billing error and (2) reported to a credit bureau that

---

* The Hon. William J. Haynes, United States District Court for the Middle District of Tennessee, sitting by designation.

the plaintiff's account was delinquent despite its disputed status. The district court found that the applicable statute of limitations had run against the first claim but allowed the second claim to go to a jury, after determining that it was not clearly untimely as a matter of law. The jury that heard the remaining claim subsequently returned a verdict in favor of the defendants, finding that the plaintiff had not supplied the company with sufficient notice of the alleged credit violation, as required by § 1666a. Because notice is a prerequisite to a finding of liability under the Act, the defendants now contend that the appeal of the court's initial entry of summary judgment is moot. We agree and affirm the district court's judgment in favor of the defendants.

The facts of this case are summarized in the district court's opinion at 208 F.Supp.2d at 767–71 and need not be repeated at length here. It is sufficient to note that at the conclusion of the trial, the jury found that "the plaintiff [did not] give the defendant proper notice disputing her account in compliance with the Fair Credit Billing Act." Under the Act, the duties of a creditor to correspond with an obligor and seek to resolve any billing differences are triggered only by receipt of written notice in which the consumer:

> (1) sets forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor,
> (2) indicates the obligor's belief that the statement contains a billing error and the amount of such billing error, and
> (3) sets forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error.

15 U.S.C. §§ 1666(a)(1), (2), and (3). Similarly, 12 C.F.R. § 226.13(b), the applicable regulation interpreting 15 U.S.C. § 1666(a), requires written notification to the creditor identifying the obligor by name and account number, and further mandates that such notice "[t]o the extent possible, indicate[ ] the consumer's belief and the reasons for the belief that a billing error exists, and the type, date, and amount of the error."

In this matter, the district court originally determined that genuine issues of fact prevented it from holding, as a matter of law, that the January 15, 2000, notice provided by Conn–Burnstein to Saks did not comply with statutory requirements, despite the fact that the plaintiff's letter failed to identify any specific instances of double-billing and failed to specify the amount of any alleged billing error. After a full trial, however, a jury of the plaintiff's peers did conclude that a reasonable defendant could not have construed Conn–Burnstein's correspondence as providing the information necessary to allow a creditor to fulfill its obligations under the Act. That factual finding, supported by evidence in the record, is now binding on this court. Absent such legally sufficient notice, none of the duties that the plaintiff now seeks to enforce under the Fair Credit Billing Act were triggered. Additionally, if those statutory duties were not triggered, the plaintiff cannot now claim to have suffered any damages from the alleged violations of the federal legislation.

Having concluded that the issues raised by the plaintiff on appeal have been rendered moot by the jury's verdict in this case, we AFFIRM the judgment of the district court.